IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GREG GIVENS,

    Plaintiff,

v.                                                    Civil Action No. 5:12-cv-64

ROBERT NUTTING, ROBERT G.
MCCOID, CASEY JUNKINS, TYLER
REYNARD, & WTOV, INC.,

    Defendants.

## REPORT & RECOMMENDATION

### *I. INTRODUCTION*

On April 30, 2012, *pro se* Plaintiff, Greg Givens, filed a complaint in this Court, alleging that Defendants published defamatory statements that resulted in his alleged injuries. On May 21, 2012, WTOV filed its Motion to Dismiss for Lack of Jurisdiction (Doc 7). On July 3, 2012, Defendants Nutting, Junkins, and Reynard filed their own Motion to Dismiss (Doc. 12). On November 1, 2012, this Court granted Plaintiff's Application to Proceed *in forma pauperis*, and issued a *Roseboro*[1] notice to Plaintiff concerning his right to file responsive material, and that failure to respond might result in the entry of an order of dismissal against him. Plaintiff has responded to the motions. Thus, the motions to dismiss are ripe for this Court's review.

### *II. DISCUSSION*

At the outset, the Court will note that Chief Judge Bailey recently dismissed a nearly identical case, which alleged the same violations of law against the same Defendants, in favor of

---

[1]Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975)

Defendants based upon a lack of jurisdiction.[2] As in that case, Plaintiff here invokes the Court's diversity, federal question, and supplemental jurisdiction. For the foregoing reasons, the undersigned recommends that this case be dismissed because Plaintiff has failed to plead a sufficient basis to invoke this Court's diversity jurisdiction, and because Plaintiff has failed to state a claim upon which relief can be granted.

*A. Diversity Jurisdiction*

Under 28 U.S.C. § 1332, a federal court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. Further, it is well established that, with the exception of certain class actions, "Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mt. St. Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). If a corporation is a party, it "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Id*. (citing 28 U.S.C. § 1332(c)(1)).

In determining where a corporation's principal place of business lies, courts look to where "the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010). This "nerve center" of the corporation will typically be found at its headquarters. *Id*. In adopting the "nerve center" test as the sole test for determining the citizenship of a corporation for diversity purposes, the Supreme Court rejected a broader general business activities test as unworkable in light of the history of the statute, the historical application of that test, and in the simplicity that lies with the nerve center test. *Id* at 1192-

---

[2]Case No. 5:12-cv-63, Doc. 11 (dismissing the case). That decision is currently on appeal to the Fourth Circuit, Case No. 12-1872.

94. Finally, a party asserting a court's diversity jurisdiction has the burden for establishing it and supporting it by competent proof. *Id*. At 1194-95. With this framework, the Court will now turn to whether complete diversity of the parties exists, and, ultimately, whether this Court has jurisdiction to hear the matter.

Plaintiff's complaint avers that he is a United States citizen that resides in Ohio. Thus, if any defendant is also a citizen of Ohio, then this Court lacks jurisdiction under § 1332 to hear the case. Television broadcaster WTOV, Inc. is incorporated in Delaware, and claims to have its nerve center in Mingo Junction, Ohio. Again, a party seeking to invoke a federal court's jurisdiction has the burden for establishing it, and in his response to WTOV's motion to dismiss Plaintiff submits a photocopied page from a West Virginia phone book that shows a West Virginia address for WTOV. (Doc. 9.) However, as outlined above, just because a corporation has an address or does business in a state does not necessarily make it a citizen of that state. Instead, Plaintiff would have to show, by competent proof, that WTOV's nerve center is in West Virginia in order to establish diversity, and this he has failed to do.

In support of its contention that WTOV has its nerve center at an address in Ohio it has submitted a sworn affidavit from its general manager. (Doc. 11.) That affidavit states that: WTOV has its mailing address in Ohio; WTOV broadcasts all material from the Ohio location; WTOV is directed and managed from the location in Ohio; WTOV employees are employed in Ohio; and the satellite news bureau in West Virginia is directed from the Ohio station. Because it manages, directs, and controls its business operations from the Ohio office, the Court finds that WTOV's principle place of business is in Ohio. Thus, WTOV is a citizen of Ohio and complete diversity of the parties

does not exist.[3]

## B. Federal Question Jurisdiction

Plaintiff's complaint contains eight claims against the defendants, six of which are state law claims,[4] and seeks declaratory relief in his Ninth Claim. In order for the Court to exercise supplemental jurisdiction over these state law claims, it must first have jurisdiction based upon the two federal claims asserted by Plaintiff. Those claims are: Claim Six, violations of the Civil Rights Act; and Claim Seven, violation of the Equal Protection Clause.

"Subject matter jurisdiction is not necessarily defeated by the possibility that the plaintiff's complaint might fail to state a cause of action." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). In other words, where a plaintiff alleges facts upon which relief could be granted pursuant to a federal question, a court should not dismiss for lack of subject matter jurisdiction. *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361-366 (2d Cir. 2000). However, subject matter jurisdiction based on a federal question will not exist if the "claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous" *Steel Co.*, 523 U.S. at 89. For the foregoing reasons, the Court finds that the claims are wholly insubstantial and frivolous and devised solely for the purpose of obtaining jurisdiction.

*1. Equal Protection*

Plaintiff alleges in his Seventh Claim that, "[in] singling out plaintiff for discriminatory treatment, Defendant(s) violate the Equal Protection Clause of the Fourteenth Amendment." The

---

[3] Because the Court finds that diversity of citizenship is lacking between Plaintiff and WTOV, it need not determine the citizenship of the other defendants.

[4] Those claims are: Claim One: Libel and Slander; Claim Two: Severe Emotional Distress; Claim Three: Intentional and Reckless Disregard; Claim Four: Outrageous Conduct; Claim Five: Negligent Infliction of Emotional Distress; and Claim Eight: Abuse of Process.

4

Fourteenth Amendment to the United States Constitution provides that "No *State* shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, section 1 (emphasis added). It is well settled that some state action is required to trigger the Fourteenth Amendment, and that the Amendment "erects no shield against merely private conduct, however discriminatory or wrongful." *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948); *see also Cooper v. Aaron*, 358 U.S. 1, 11 (1958) ("Individual invasion of individual rights is not the subject-matter of the amendment."); *Simkins v. Moses H. Cone Memorial Hospital*, 323 F.2d 959, 966 (4th Cir. ) ("[P]rivate conduct abridging individual rights does no violence to the Equal Protection Clause unless to some significant extent the State in any of its manifestations has been found to have become involved in it."). Here, Plaintiff has brought this action against purely private citizens and corporations, and has alleged no state action to trigger the Fourteenth Amendment. Thus, there is absolutely no merit to Plaintiff's Seventh Claim.

*2. The Civil Rights Act*

Plaintiff alleges that Defendants have violated the Civil Rights Act, the remaining parts of which are codified at 42 U.S.C. §§ 1981-83, and § 1985, but does not allege which Section of the Act Defendants have violated. The Court will address each in turn. First, §§ 1981 and 1982 prohibit racial discrimination in the making of contracts, in employment, property rights, and in other enumerated areas. The complaint does not contain any allegations in the claim or otherwise to substantiate a claim under either Section.

Section 1983 prohibits the deprivation of any rights guaranteed by the Constitution or law by any person acting under color of state law. Thus, to establish a claim under § 1983, Plaintiff must show that: (1) Defendants deprived him of a right guaranteed under the Constitution or laws of the

United States, and (2) that the deprivation occurred under color of a statute, ordinance, regulation, custom, or usage of the State. *See Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001). The under color of law element is equivalent to the state action required by the Fourteenth Amendment, *id.*, and "may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metro Edison Co.*, 419 U.S. 345, 351 (1974)). Again, Plaintiff has not alleged anything that would implicate state action, or private behavior that can be tied to the state.

Finally, Section 1985, the Ku Klux Klan Act, does provide for a remedy for purely private action by prohibiting conspiracies to deprive a person of civil rights. Section 1985(1) forbids conspiracies to prevent an officer from performing her duties, and the complaint does not allege anything that would implicate this Section. Similarly, there is no implication of § 1985(2), which forbids conspiracies aimed at intimidating a party, witness, or juror, to a court proceeding. Thus, only § 1985(3) remains, which, in relevant part, deals with conspiracies aimed at depriving persons of certain rights or privileges.

In order to prove a conspiracy in violation of § 1985(3), "a plaintiff must show, *inter alia*, (1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' action, and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993) (internal citations omitted). Plaintiff alleges in his complaint that Defendants conspired to defame him and injure his reputation, and published statements that accomplished that goal. However, Plaintiff does not allege that some racial or other class-based animus lay behind the

6

alleged conspirators' actions. Accordingly, Plaintiff's claims to violations of the Civil Rights Act are without basis.

*C. Failure to State a Claim*

The preceding analysis recommends dismissal based upon the Court's lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). However, dismissal of Claims Six and Seven, the federal claims, under 12(b)(6) is also appropriate because Plaintiff's have failed to state a claim for which relief can be granted. In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). In determining this plausibility, a court must reject legal conclusions that are unsupported by the facts contained in the complaint, and use its "judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Even with the liberal construction afforded to *pro se* Plaintiffs, Plaintiff has elucidated no facts which give rise to violations of either the Equal Protection Clause or the Civil Rights Act. As outlined above, Defendants are not state actors or acting under color of state law, and Plaintiff has not provided a factual basis to implicate the portions of the Civil Rights Act that applies to private actors. Accordingly, Claims Six and Seven are subject to dismissal.

With Claims Six and Seven dismissed, only state law claims would remain. As a rule, supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a); *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998). Discretion rests with the district court to decline to exercise supplemental jurisdiction when:

> (1) The claim raises a novel or complex issue of state law,
>
> (2) The claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) The district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) In exceptional circumstances, there are other compelling reasons for declining jurisdiction

28 U.S.C. § 1367(c).

"It has been consistently recognized that . . . if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Therefore, in light of the recommended dismissal of the federal claims, the undersigned also recommends that the Court decline to exercise supplemental jurisdiction over Plaintiffs' state law claims, and, instead should dismiss those claims without prejudice.

### *III. CONCLUSION & RECOMMENDATION*

Plaintiff's complaint is subject to dismissal for two reasons: (1) it fails to properly invoke this Court's jurisdiction, and (2) it fails to state a claim for which relief can be granted. Accordingly, the undersigned recommends that Defendants' Motions to Dismiss (Docs. 7 & 12) be **GRANTED**.

Any party may, within fourteen [14] days of the filing of this recommendation, file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge of record. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v.*

*Collins*, 766 F.2d 841 (4th Cir. 1985): *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the pro se plaintiffs by certified mail, return receipt requested, to their last known address as reflected on the docket sheet, and to any other counsel of record, as applicable.

DATED: November 20, 2012                /s/ *James E. Seibert*
　　　　　　　　　　　　　　　　　　　　JAMES E. SEIBERT
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE