IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GREG GIVENS,**

    **Plaintiff,**

v. // CIVIL ACTION NO. 5:12CV64
                                    (Judge Keeley)

**ROBERT NUTTING,**
**ROBERT G. MCCOID,**
**CASEY JUNKINS,**
**TYLER REYNARD, & WTOV, INC.**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is the magistrate judge's Report and Recommendation ("R&R") concerning the civil complaint filed by the pro se plaintiff, Greg Givens ("Givens"). As discussed below, the Court **ADOPTS** the R&R in its entirety.

**I.**

On May 1, 2012, Givens filed a complaint alleging that the defendants had defamed him, causing him injury. Defendant WTOV, Inc. ("WTOV") moved to dismiss Givens' complaint for lack of subject matter jurisdiction on May 21, 2012. (Dkt. No. 7). Givens responded to that motion on June 4, 2012. (Dkt. No. 9). Later, on July 3, 2012, defendants, Robert Nutting ("Nutting"), Casey Junkins ("Junkins"), and Tyler Reynard ("Reynard") moved to dismiss Givens' complaint for failure to state a claim for which relief may be

granted. (Dkt. No. 12). Givens responded to that motion on July 13, 2012. (Dkt. No. 15).

The Court referred this matter to United States Magistrate Judge James E. Seibert for initial screening and a report and recommendation in accordance with LR PL P 2. On November 1, 2012, the magistrate judge granted Givens' motion to proceed in forma pauperis and issued a Roseboro notice.[1] On November 20, 2012, the magistrate judge issued an R&R, which recommended that the defendants' motions to dismiss be granted and that Givens' complaint be dismissed either for failing to establish subject matter jurisdiction, or, alternatively, for failing to state a claim for which relief could be granted. (Dkt. No. 25).

The R&R specifically warned Givens that his failure to file written objections to the recommendation, identifying specific

---

[1] The Court notes that while the Roseboro notice issued to Givens on November 1, 2012 referenced (Dkt. No. 19) the lenient pleading standard of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), notably, the Supreme Court has disavowed that standard in favor of the more stringent "plausibility standard." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561 (2007); Great Western Mining and Mineral Co. v. Fox Rothschild, LLP, 615 F.3d 159, 176 (4th Cir. 2010).

The inclusion of the Conley standard in the Roseboro notice, however, is irrelevant. As is discussed infra, Givens' original complaint does not properly allege a proper ground for this Court to exercise subject matter jurisdiction over his claims, and thus fails to satisfy either Conley or Twombly. In addition, Givens responded to WTOV's motion to dismiss on June 4, 2012, nearly five months before the Roseboro notice was issued. Givens, therefore, did not rely on the contents of the Roseboro notice in his response to WTOV's motion to dismiss, nor was Givens' prejudiced by its tardy issuance.

portions of the R&R to which he objected and stating the basis for such objections, would result in the waiver of any appellate rights he might otherwise have. Givens filed timely objections on December 3, 2012, in which he described the R&R as "premature" and "fail[ing] to adequately determine all the facts and the merits and ambiguities of Plaintiff's civil action." (Dkt. No. 31). In the remainder of his December 3 filing,[2] Givens argued for leave to file an amended complaint.

The Court is obligated to conduct a <u>de novo</u> review of portions of the magistrate judge's report to which objections have been filed. 28 U.S.C. § 636(b)(1). However, it need not conduct a <u>de novo</u> review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the Court will only review the magistrate

---

[2] In support of his motion for leave to file an amended complaint, Givens incorrectly argues that new evidence demonstrating WTOV's West Virginia citizenship supports his motion for leave to amend. A corporation such as WTOV is a citizen of the state of its incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). Courts use the nerve center test to determine the location of a corporations' principal place of business. <u>See</u> <u>Hertz Corp. v. Friend</u>, 130 S. Ct. 1181, 1186 (2010). The state statutes cited by Givens do not control this determination. The Court expressly adopts the magistrate judge's well-reasoned conclusion that WTOV is a citizen of Ohio, which is well supported by the deposition of WTOV's general manager. (Dkt. No. 11). <u>See also</u> <u>Pizzuto v. McCoid, et al.</u>, Civ. Act. No. 5:12-CV-63 at 4 (N.D. W. Va., July 11, 2012) (aff'd Nov. 15, 2012).

judge's conclusions for clear error. <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005). A failure to file specific objections waives appellate review of both factual and legal questions. <u>See</u> <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n.4 (4th Cir. 1984); <u>see also</u> <u>Moore v. United States</u>, 950 F.2d 656, 659 (10th Cir. 1991).

In his objections, Givens refers to the R&R only once, on the first page. To the extent that this reference can be construed as an objection at all, it is merely a "general and conclusory" objection to the entire report. <u>Orpiano</u>, 687 F.2d at 47. Based on this failure to file specific objections to the R&R, Givens waived appellate review of both factual and legal questions. <u>See</u> <u>Schronce</u>, 727 F.2d at 94 & n.4; <u>see also</u> <u>Moore</u>, 950 F.2d at 659. Further, in the absence of specific objections, the Court need only review the magistrate judge's conclusions for clear error. <u>Diamond</u>, 416 F.3d at 315. After conducting such review, the Court finds no such error.

## II.

Givens' notice of objection is not the last word in this matter, however. Defendant Robert G. McCoid, who had not filed an appearance prior to the issuance of the R&R, moved to dismiss Givens' complaint for a lack of subject matter jurisdiction six days after the magistrate judge entered his R&R. (Dkt. No. 27). On

4

**ORDER ADOPTING REPORT AND RECOMMENDATION**

November 30, 2012, Givens sought leave of court to file an amended complaint, and to add Scott R. Smith ("Smith"), the Prosecuting Attorney for Ohio County, West Virginia, as a party. (Dkt. Nos. 29, 29-1). As he sought to amend within twenty-one days of the filing of McCoid's 12(b) motion, Givens is entitled to amend his complaint as a matter of course. Fed. R. Civ. P. 15(a)(1)(b).[3]

### III.

Such amendment, however, is futile because the proposed amended complaint fails to state a claim upon which relief may be granted.[3] A court has the authority to sua sponte dismiss an in

---

[3] The Court recognizes that, under Fed. Rule of Civ. Pro. 15(a)(1)(A), Givens may only amend his complaint as a matter of right with regard to McCoid. See 6 Fed. Prac. & Proc. Civ. § 1481 (3d ed.): "[I]f only some defendants file responsive pleadings, plaintiff still should be governed by the 21-day amendment period in Rule 15(a)(1)(A) for pleading amendments regarding the nonresponding defendants."

As to the other defendants, Givens may only amend his complaint with leave of the Court. Fed. R. Civ. P. 15(a)(2). While a court should freely grant a petitioner leave to amend a complaint, Fed. R. Civ. P. 15(a)(2), a court also has discretion to deny such leave when amendment would be futile, "that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). As explained infra, Givens' amended complaint fails to satisfy Fed. Rule of Civ. Pro. 12(b)(6). Thus, had McCoid not filed his motion to dismiss, the Court would have denied Givens' leave to file his amended complaint on the same grounds.

[3] The Court notes that on December 12, 2012, the magistrate judge issued a Roseboro notice regarding McCoid's motion to dismiss (dkt. no. 35), directing Givens to file any opposition to McCoid's motion within thirty days. Givens' response would be superfluous, however, because McCoid's motion to dismiss does not raise a new ground for dismissal of Givens' claims, and because the Court concludes, sua sponte, that Givens' amended complaint fails to state a claim for which relief may be granted.

forma pauperis action that is frivolous, malicious, or fails to state a claim for which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). Whether a complaint states a claim upon which relief can be granted is determined by the standard of review applicable to a motion to dismiss under Fed.R.Civ.P. 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003) (citing DeWalt v. Carter, 224 F.3d 607, 611-12 (7th Cir. 2000)).

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations sufficient to state a plausible claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir.2 009) (internal quotation marks omitted). While the Supreme Court has held that, in the case of a pro se plaintiff, "[s]pecific facts are not necessary" to withstand scrutiny under Rule 12(b)(6), Erickson v. Pardus, 551 U.S. 89, 93 (2007), it still requires that the complaint must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Id. (quoting Twombly, 550 U.S. at 555 (quoting Conley, 355 U.S. at 47)). Thus, even though proceeding pro se, Givens is not immune from Twombly's requirement that "a pleading contain 'more than labels and conclusions.'" Giarratano v.

Johnson, 521 F.3d 298, 304 n. 5 (4th Cir. 2008) (citing Twombly, 550 U.S. at 555).

In his amended complaint, Givens alleges three state law causes of action (defamation, intentional infliction of emotional distress, and negligent infliction of emotional distress), and two federal causes of action (violation of the Equal Protection and Due Process clauses of the Fourteenth Amendment, and the Civil Rights Act, 42 U.S.C. §§ 1981 -1985). Givens also seeks declaratory relief, but it is unclear from the amended complaint whether he does so pursuant to the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, or the West Virginia Declaratory Judgment Act, W. Va. Code § 55-13-1 et seq.

The Court turns first to Givens' federal claims. To state a claim under § 1983 of the Civil Rights Act, a plaintiff must plausibly allege that he was deprived of a right secured by the Constitution of the United States or federal law. He must further allege that the deprivation occurred under color of state law. Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) (citing American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999)). Similarly, to allege a violation of either the Equal Protection or Due Process Clauses of the Fourteenth Amendment, a plaintiff must allege state action. American Mfrs. Mut. Ins. Co., 526 U.S. at

49-50; Simkins v. Moses H. Cone Mem'l Hosp., 323 F.2d 959, 966 (4th Cir. 1963) (citing Civil Rights Cases, 109 U.S. 3, 10 (1883)).

In his amended complaint, Givens seeks to add Smith as a party in order to allege the necessary state action for his claims arising under 42 U.S.C. § 1983 and the Fourteenth Amendment, and ultimately to cure the jurisdictional defect identified by the R&R. He does not, however, allege any facts in support of his conclusions that Smith conspired with his co-defendants to defame Givens (dkt. no. 29-1 at 3), or failed to fulfill his state duties and thus denied Givens due process of law, (id. at 7), or discouraged Givens from reporting a crime, (id. at 7), or used the legal process to defame Givens. (Id. at 17). Further, Givens offers no support for his allegations that the private defendants acted in a "symbiotic" or "intertwined" relationship with Smith, making their otherwise private conduct fairly attributable to Smith and Ohio County, West Virginia. See Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 181 (4th Cir. 2009).[4]

---

[4] Notably, prosecutors are absolutely immune from suit under 42 U.S.C. § 1983 for the initiation and pursuit of criminal prosecution, Imbler v. Pachtman, 424 U.S. 409, 427 (1976), and enjoy qualified "good faith" immunity when acting in an investigative or administrative capacity. Erlich v. Giuliani, 910 F.2d 1220, 1222 (4th Cir. 1990). See also Rehberg v. Paulk, 132 S.Ct. 1497 (2012). As the amended complaint does not allege how Smith participated in the alleged defamation of Givens, the Court is unable to conclude whether Smith is entitled to either absolute or qualified prosecutorial immunity.

**GIVENS V. NUTTING ET AL.**                                          **5:12CV64**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Regarding Givens' other claims under the Civil Rights Act, his amended complaint does not specify whether he is relying on §§ 1981, 1982, 1983 or 1985 of that Act. This vagueness is irrelevant to the outcome of this case, however, because the amended complaint does not state a plausible claim for relief under any of those sections. First, the amended complaint does not allege the impairment of contract, employment or property rights necessary to state a violation of §§ 1981 or 1982. Second, as already discussed, the amended complaint offers only conclusory allegations as to the public action necessary to state a claim under § 1983. Third, the amended complaint does not implicate § 1985(1) (preventing an officer from performing duties) because Givens has not alleged that he is a public officer, or that the defendants' actions prevented him from accepting public office. As for § 1985(2), which prohibits conspiracies to impede justice with the intent to deny equal protection of the laws, while Givens does allege that Smith discouraged Givens from reporting a crime, (dkt. no. 29-1 at 7), he offers no facts to color this allegation plausible.

Finally, to state a claim under § 1985(3), "a plaintiff must establish the existence of a conspiracy and show 'some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" C & H Co. v. Richardson, 78 F.

9

9

App'x 894, 901 (4th Cir. 2003) (citing <u>Griffin v. Breckenridge</u>, 402 U.S. 88, 102-03 (1971)). Givens does not allege such a motive in the amended complaint, and thus also fails to state a claim for relief under § 1985(3).

Although Givens need not plead specific facts, <u>Erickson</u>, 551 U.S. at 93, he may not stand on "'naked assertions' of wrongdoing." <u>Francis</u>, 588 F.3d at 193 (citing <u>Twombly</u>, 550 U.S. at 557). There must be some "'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 557). Givens, however, offers none. In short, his amended complaint does not state a claim for relief under either the Civil Rights Act or the Equal Protection and Due Process Clauses of the Fourteenth Amendment.

Because of the absence of plausible federal claims, the Court lacks subject matter jurisdiction and declines to exercise its discretionary, supplemental jurisdiction over Givens' remaining state law causes of action. <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

## **CONCLUSION**

For the reasons stated above, the Court:

**GIVENS V. NUTTING ET AL.** 5:12CV64

**ORDER ADOPTING REPORT AND RECOMMENDATION**

1. **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 25), and **DISMISSES** Givens' complaint without prejudice (dkt. no. 1);

2. **GRANTS** WTOV's Motion to Dismiss (dkt. no. 7);

3. **GRANTS** the Motion to Dismiss of Junkins, Nutting, and Reynard (dkt. no. 12); and

4. **DENIES AS MOOT** McCoid's Motion to Dismiss (dkt. no. 27);

5. **DENIES AS MOOT** Givens' Motions and Memorandum For Stipulation, and To File An Amended Complaint (dkt. no. 29 and 32);

7. **DENIES AS MOOT** Givens' Notice and Motion Pursuant to 42 U.S. Code 1988 Appointment of Statutory Plaintiff Attorney (dkt. no. 30);

8. **DENIES AS MOOT** Givens' Notice and Motion For Hearing For Judicial Review (dkt. no. 33);

9. **DENIES AS MOOT** Givens' Notice and Motion for Hearing for Good Faith Inquiry (dkt. no. 34); and

10. **DENIES AS MOOT** Givens' Notice and Motion to Strike Defendant McCoid's Motion to Dismiss (dkt. no. 40).

If the petitioner desires to appeal this decision, pursuant to Rule 4 of the Federal Rules of Appellate Procedure, written notice

of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order,.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

Dated: January 4, 2013.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE